STATE OF NEBRASKA V. HOME INSURANCE COMPANY.

FILED JANUARY 3, 1900. No. 10,929.

1. **Fees of State Officers:** STATE TREASURER. It was provided in the
constitution of 1875 (art. 5, sec. 24) that "all fees that may be
hereafter payable by law for services performed by an officer
provided for in this article of the constitution shall be paid in
advance into the state treasury."

2. ———: ———: AUDITOR: INSURANCE COMPANIES. This so modified
section 32, chapter 43, Compiled Statutes (General Statutes, 1873,
ch. 33, sec. 32), in relation to fees to be paid by insurance com-
panies to the state auditor for services to be performed by him
for them, as to, in effect, prohibit the payment of the fees to
him or their reception by him. See *Moore v. State*, 53 Nebr., 831;
*State v. Moore*, 56 Nebr., 82.

3. **Auditor of Public Accounts:** INSURANCE COMPANIES: FEES. The
insurance company applied to the then state auditor to perform
for it certain services in the issuance of certificates of authority
to transact business in the state, and some other matters of the
requirements of the laws in regard to such companies, and paid
the fees to the auditor, and did not pay them, and has not paid
them, into the state treasury. The payment to the auditor was
wholly unauthorized, and did not bind the state, nor did the
money thus paid into the auditor's hands belong to the state.

4. ———: ———: SUIT BY STATE FOR FEES. The services having been
obtained, and the fees not paid, the company became liable to
the state therefor, and such liability can be enforced by suit.

State v. Home Ins. Co.

5. ———: ———: ———: ESTOPPEL. A company which has obtained the performance of the services by the auditor in the issuance of certificates of authority to do business in the state, and also his attention to other things for which they must apply to or call upon him, and has used and enjoyed the results and benefits of said matters, will not be heard to urge, against the recovery by the state of the fees for such services which have not been paid into the state treasury, that the certificates and documents issued to it by the auditor were void for the reason that the fees had not been paid in advance, and where required by the constitution.

6. ———: ———: ———. The fees were paid to Eugene Moore, then state auditor. He could not, and did not, act as agent for state in the reception of the fees. It was an act which was discountenanced or forbidden by the constitution.

7. ———: ACTION TO RECOVER FEES PAID BY INSURANCE COMPANIES. In a suit against the auditor and the sureties on his official bond the state recovered a judgment for a sum which was inclusive of the fees, the subject of the present litigation. In an error proceeding to this court on behalf of the sureties the judgment was reversed, and it was decided that they were not liable; that the reception of the fees by Moore was not an official act, and, if it be conceded (it is not decided) he became a bailee or trustee of the money for the company, the suit by the state against him can not be treated as an election to consider him as the debtor and to seek a recovery against him to the exclusion of any remedy against the company, the one primarily liable.

8. State and State Officers. A state can only act through its officers, and they only in matters assigned to them by law, or in and about which they are authorized and empowered by law to perform duties.

9. Auditor of Public Accounts: FEES PAID BY INSURANCE COMPANIES: RATIFICATION. No officer possessed power or authority to so act as to ratify for the state the receiving of the fees by the auditor. No one had power to effect a ratification of an act which was, impliedly at least, prohibited by the constitution.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.  *Reversed.*

*C. J. Smyth, Attorney General,* and *George F. Corcoran, Assistant Attorney General,* for the state:

The auditor of public accounts had no authority to receive from insurance companies fees for services performed for them. See *Moore v. State,* 53 Nebr., 831.

The state can not be estopped by unauthorized acts of officers or agents. See *Brewer v. State*, 83 Ala., 113; *Floyd Acceptances*, 7 Wall. [U. S.], 676; *Woodward v. Campbell*, 39 Ark., 580; *Pulaski County v. State*, 42 Ark., 118; *United States v. Kirkpatrick*, 9 Wheat. [U. S.], 735; *Day Land Co. v. State*, 68 Tex., 526.

An unconstitutional statute neither confers authority to act nor protects one who has acted under it. See *Sumner v. Beeler*, 50 Ind., 341; *Strong v. Daniel*, 5 Ind., 348; *Barling v. West*, 29 Wis., 307; *Hannibal & St. J. R. Co. v. Husen*, 95 U. S., 465.

Defendant is estopped from denying the validity of the certificates issued by the auditor. See *Marsh v. Harris Mfg. Co.*, 63 Wis., 277; *Noton v. Brooks*, 7 H. & N. [Eng.], 499; *Jones v. Burnham*, 67 Me., 98; *Kinsman v. Parkhurst*, 59 U. S., 289; *Marston v. Sweet*, 82 N. Y., 534; *Lamb v. Clark*, 22 Mass., 193; *Oregonian R. Co. v. Oregon R. & N. Co.*, 10 Sawy. [U. S. C. C.], 464.

*Greene & Breckenridge, contra:*

Under the constitution, the auditor had no right to perform services for defendant unless the fees therefor were "paid in advance into the state treasury." Certificates issued in violation of this provision were void, and the state can not recover therefor. See Constitution, art. 5, sec. 24; *Willis v. Board of Commissioners*, 86 Fed. Rep., 872.

The state is estopped to claim from defendant services of the auditor which he could not legally perform unless the fees therefor were "paid in advance into the state treasury." See *Chope v. Detroit & H. P. Road Co.*, 37 Mich., 195; *Verdier v. Port Royal R. Co.*, 15 S. Car., 477; *St. Paul S. & T. F. R. Co. v. First Division*, 26 Minn., 31; *City of Chicago v. Sexton*, 115 Ill., 230; *City of Cincinnati v. Cameron*, 33 O. St., 336; *Worden v. New Bedford*, 131 Mass., 23.

Moore did not receive payment of the fees as auditor, but as agent of the state. That agency is established through the election of the state to claim from him the

money thus received by him as the money of the state, whereby his assumption of agency was ratified by the state. See *Moore v. State*, 53 Nebr., 831; *State v. Leidtke*, 12 Nebr., 171; *County of San Luis Obispo v. Farnum*, 108 Cal., 562; *Mills v. Gleason*, 11 Wis., *470; *Sentell v. Kennedy*, 29 La. Ann., 679; *New Orleans v. Southern Bank*, 31 La. Ann., 560.

HARRISON, C. J.      -

This action was commenced for the state in the district court of Lancaster county, and it was alleged in the petition that the defendant company filed with the state auditor during the month of January, 1896, a statement, such as the law required, of "foreign insurance companies" transacting business in the state, and received of the auditor a certificate of its compliance with the law, also one hundred and twenty-five certificates of authority to its agents throughout the state to transact its business; that the aggregate of the fees to be paid the state for the services so rendered was $272, which sum the defendant had not paid, and for which judgment was prayed. The defendant, in answer filed, admitted that the services pleaded had been performed for it, and that the amount of fees was correctly stated, but denied its failure to pay. It was alleged in the answer that the defendant had been conducting its business in this state for more than twenty-five years, and had at all times endeavored to comply, and had in fact complied, with the requirements of the laws of the state with respect to insurance companies; that since the year 1873 the defendant had paid to the auditor the fees exacted by law from insurance companies for the services performed by the auditor in accordance with the terms of section 32, chapter 33, General Statutes (section 32, chapter 43, Compiled Statutes, 1897); that from the year 1873, inclusive of the years 1895 and 1896, it was customary and usual for the defendant and all other insurance companies transacting business in the state to pay the fees required of them by

law for services of the auditor to him, and from 1873 up to and inclusive of the year 1896 the auditor accepted said fees, and, until about January 1, 1896, the auditor paid all such fees to the state; that the state, by its executive and legislative officers, had knowledge of the aforesaid custom and usage, and made no objection thereto and took no action with respect to the same. It was averred that Eugene Moore was the auditor of public accounts in this state during the year 1896, and, relying upon the custom and usage which had prevailed in regard to the payment of such fees during "nearly" twenty-five years, the defendant company paid the fees, the subject of this litigation, to him as the agent of the state, and the said Eugene Moore failed to account for or turn over to the state said fees; that said Eugene Moore, as auditor of public accounts, collected during the year 1895 fees from this and other insurance companies, in the aggregate the sum of $16,738, and during the year 1896 the sum of $15,378.70, which fees were paid to him as agent for the state and for and on account of fees required by law to be paid; that on January 3, 1896, Eugene Moore paid to the state treasurer $5,000, on February 9, 1897, paid to the state treasurer $1,500, and on February 17, 1897, the sum of $2,500, all of said sums being of the fees he had collected of defendant and other insurance companies, and said amounts were received by the state by its treasurer and credited upon the books of the state among miscellaneous receipts and passed into the general fund moneys of the state; that included in the total amount due from Eugene Moore to the state upon which the aforesaid payments were made was the sum for the recovery of which this suit was instituted. It was further answered that in an action in the same court in which this suit was in progress, in a petition filed on March 2, 1898, the plaintiff, the state, prayed a recovery of the said Eugene Moore and the sureties on his bond as state auditor the balance of the amount of money he had collected as fees as aforesaid, and stated in such petition that "be-

tween the 3d day of January, 1895, and the 7th day of January, 1897, the said Eugene Moore, as auditor of public accounts of the state of Nebraska, received into his possession and control as such auditor the sum of $27,-208.05, the property of the state of Nebraska, which sum came into his hands as auditor of public accounts in payment for services performed by him or performed under his direction as such auditor, which sum was received by him by virtue of his office as such auditor and which sum it was his duty as such auditor to pay the treasurer of said state of Nebraska or turn over on the 7th day of January, 1897, to his successor, but the said defendant has at all times failed and refused to pay the same to the treasurer of the state of Nebraska, or to his successors in office, except the sum of $4,000 paid by the defendant Eugene Moore to the treasurer of the state of Nebraska on or about the 15th day of February, 1897." Also pleaded in said petition that the money sought to be recovered from Eugene Moore and his sureties on his official bond was paid to him by the insurance companies then doing business in this state for services performed by him as auditor of the state. It was of the further allegations of the answer in this cause that in the case against Moore and his bondsmen there was on March 25, 1898, judgment for the state against him for the sum of $25,184.50, principal and interest, which judgment was inclusive of the sum upon which the present suit is predicated. To this answer there was filed for the state a general demurrer, which on hearing was overruled. The state then filed a reply, which was as follows:

"Now comes the plaintiff in the above entitled action, and for its reply to the second amended answer of the defendant states: It denies that the defendant company has complied with all the laws of the state of Nebraska in this, that it has not paid to the state of Nebraska the money due to the state from it for the services rendered to the defendant company by the state as more particularly described in the petition in this action.

38

"2. Plaintiff denies that Eugene Moore was the agent of the plaintiff at any of the times named in the petition or second amended answer for the purpose of receiving from the defendant company or any other insurance company fees for services rendered by the said Moore as auditor of public accounts of the state of Nebraska and denies that the said Moore was at any time authorized by the plaintiff to receive for plaintiff's use and benefit or on its account or for any purpose whatever any moneys of any kind whatever due and payable to the state as fees for services rendered by the said Eugene Moore as auditor of public accounts.

"3. Plaintiff denies that the legislature of the state of Nebraska at any time authorized or had the power to authorize Eugene Moore as auditor of public accounts to receive for the state the money sued for in this action or any moneys due and payable to the state of Nebraska and denies that the state of Nebraska through its legislature or otherwise ratified or approved or consented to the action of said Eugene Moore, while auditor of public accounts in receiving from said defendant company the fees sued for in this case and which were due and payable to the state of Nebraska and alleges that whatever the said Moore did in connection with the receipt of the said fees was done by him as the agent of the defendant company and not as the agent of the state of Nebraska.

"4. Plaintiff admits that the attorney general acting in the name of the state of Nebraska brought suit in the district court of Lancaster county against Eugene Moore and his sureties on the official bond of the said Moore to recover the moneys sued for in this action and that in the petition in said action there occurred a paragraph in words and figures identical with that set forth in said amended answer.

"5. Plaintiff further admits each and every allegation in said amended answer not denied herein."

The cause was submitted on the pleadings, and judgment rendered for the defendant. The state presents the case to this court by petition in error.

By section 32 of chapter 43 of the statutory law of the state, and which became of effect in 1873, each insurance company in business or which desired to transact business in the state was required to pay to the state auditor certain stated fees for services to be performed by him in and about the procuration of the necessary certificate or license to transact business in the state, issuance of certificates of authority to agents, filing and recording of required statements, etc.   In the year 1875 the present constitution became of force, and a portion of section 24, article 5, is as follows: "All fees that may be hereafter payable by law for services performed by an officer provided for in this article of the constitution, shall be paid in advance into the state treasury," which, it has been decided, so modified the said section 32 as to require the designated fees to be paid in advance of the services and to the state treasurer, and, in effect, to prohibit the collection or reception of any of said fees by the state auditor.   See *Moore v. State*, 53 Nebr., 831; *State v. Moore*, 56 Nebr., 82.   The first case cited was one in which Eugene Moore had been prosecuted for and convicted in the trial court of the embezzlement of the aggregate of fees in which the amount involved in the present suit was included, and which was reversed in this court, and the second was the suit against Moore and his bondsmen to recover the amount of the fees, and the case to which reference is made in the pleadings in the present action. These decisions settled that Moore did not, as state auditor, for the state, receive the fees, inclusive of the sums which defendant pleads it paid him.   It is true, as contended for defendant in error, that the constitution required the payment of the fees in question herein to the state treasurer in advance of any action by the auditor. It is also just as true that this was known by the company and Moore at the time he performed the services for it, and it and he were charged, or chargeable, with such knowledge; and that they ignored it, and that the fees were for any reason paid to Moore or any other unauthor-

ized person, or not paid, can make no difference. So long
as the services were performed, and received; and the re-
sults and benefits used and enjoyed by the company, an
indebtedness arose to the state which it could and can en-
force. It surely can not be that because the money was
required to be paid in advance of the services, and it was
not done, but the services were obtained, that no indebt-
edness arises and payment can not be enforced. The law
contemplates the payment of the fees for the services, and
if the latter are demanded and performed, the state may
collect for them, notwithstanding the company may have
intentionally, or the reverse, as was no doubt true of the
matters herein involved, or in any manner or for any
reason evaded the requirement of an advance satisfac-
tion. The payment of the amount of the fees to Moore,
which the state now seeks to exact from the company,
was no doubt made under a mistaken idea of to whom
and when it should be paid; but this clearly furnishes
no matter of defense. It is urged for the company that,
by the constitution, it having been declared that the fees
shall be paid in advance to the state treasurer, no other
payment would or will suffice, and the payment of the
fees in the matter herein in controversy not having been
made, the certificate and evidence of authority to trans-
act business in the state which were by the auditor is-
sued and delivered to the company were void and of no
effect. The company in fact received nothing, and is not
liable for any fees; also, that the state, by asserting, as
it is urged it has in substance by bringing this action, the
validity of said documents so issued, has estopped itself
to further say that the payment of the fees was not made
in accordance with the legal requirements. In support
of a portion of this contention our attention is directed
to an opinion in the case of *Hartford Fire Ins. Co. v. State,*
9 Kan., 211, wherein it appears that the company had ob-
tained a certificate of authority to do business in the
state of Kansas, which by law it must have prior to any
transactions of its business within the state. The law

in force at the time in that state in regard to payment of fees was as follows: "Before the auditor shall issue any certificate of authority under this article, or any renewal of the same there shall be paid into the state treasury by the corporation or its agent, for the support of the common schools, the sum of fifty dollars." There was a provision in an act passed by the legislature to the effect that there might be recovered in a suit against any insurance company, such as the one a party to the action, a penalty of not less than one hundred dollars nor more than five hundred dollars for transacting business in the state without first procuring the certificate of authority therefor. The amount required to pay for the issuance of the certificate had been paid to the auditor, and by him, subsequent to the issuance of the certificate, paid into the state treasury. The action was against the company for engaging in the insurance business within the state of Kansas without first procuring the certificate of authorization so to do, and it was decided that the exaction that the fees be paid before the certificate should be issued was jurisdictional, and that it was not done, rendered the certificate which was obtained a nullity; also, that the auditor had no authority to and could not receive the fee for the state, and while it was in his hands the state had no interest in it or control over it. A recovery of the penalty was allowed. We do not consider the rule announced in the decision to which we have just referred, to the extent it established that the payment of the fee before the issuance of the certificate was jurisdictional and in the absence of it the certificate void, in point in the matter at bar. The defendant in error obtained the certificates which were issued to it of the proper officer, and they were issued at its request, the company used and enjoyed them, and it can not now defeat the recovery by the state of the fees, for the payment of which it became bound, by a plea that the certificates were void because of its own act or failure to properly **act**—*i. e.,* **pay** the fees in advance into the

state treasury. We do not mean to be understood as saying or countenancing that the state, or any of its officers, may do any of its business on credit, allow any time for the payment of the fees—the constitution states to the contrary, but where a party has obtained the services and enjoyed the results, and has failed to pay the fees, the state may collect them.

For the state there was instituted an action against the auditor and the sureties upon his official bond to recover the aggregate sum of these fees, inclusive of the amount claimed in the present suit, and judgment was obtained for the plaintiff, which in an error proceeding to this court on behalf of the sureties was as to them reversed, and it was decided that they were not and could not be liable. It is asserted that that suit was, in effect, a ratification of the collection of the fees by the auditor for the state—an election to treat him as a trustee or bailee of the money either for the company or the state— and there can not be successfully prosecuted this action against the company for the recovery of the fees. The company was and is primarily liable for the payment of the fees, and that the state may have, mistakenly or otherwise, prosecuted to judgment a suit for the funds against a bailee or trustee would not destroy the liability of the company. There might be the two judgments, although there could be but one satisfaction. The constitution, impliedly at least, forbids the reception of the money by any other than one officer, and no person could receive it as agent for the state. The state acts only through its officers, and they can perform only such duties as are assigned by law, and none possessed any power or authority to ratify an act which the constitution discountenanced.

It follows from the conclusions reached that the judgment of the district court is erroneous, it must be reversed, and the cause remanded.

REVERSED AND REMANDED.